# Lee Litigation Group, PLLC

30 East 39th Street, Second Floor
New York, NY 10016
Tel: 212-465-1180
Fax: 212-465-1181
info@leelitigation.com

Writer's Direct:   (212) 465-1188
                   cklee@leelitigation.com

May 14, 2018

**VIA ECF**
The Honorable Gabriel W. Gorenstein, U.S.M.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

>    Re:   *Leonardo v. Lex 18 Inc. et al.,*
>          Case No. 17-CV-6986

Dear Judge Gorenstein:

    We are counsel to Plaintiff. We write to respectfully request that Your Honor approve the settlement and dismiss this action in its entirety with prejudice. Attached hereto as **Exhibit A**, please find the parties' settlement agreement (the "Settlement Agreement").

### I. Legal Standard

    As the Court is aware, when FLSA claims are settled, "if the settlement is to take effect, the Court must first review and scrutinize the agreement to ensure that it is fair." *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299, at *18 (2d Cir. Aug. 7, 2015); *see also Wolinsky v. Scholastic Inc.,* 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).

    This agreement should be approved because: (i) the Settlement Agreement does not contain any confidentiality provision; (ii) the release is narrowly tailored to wage and hour claims; and (iii) attorneys' fees are 1/3 of the settlement amount after the deduction of costs. The $15,000 settlement falls within the range of reasonableness in light of the best possible recovery and all of the risks of litigation and should be approved.

### II. Settlement Between Plaintiff and Defendants is Objectively Fair, Adequate and Reasonable

*Plaintiff's Range of Possible Recovery*

    Pursuant to the terms of the parties' Settlement Agreement, Defendants are paying the total sum of $15,000; $10,000 of which represents the settlement amount to be allocated to Plaintiff Seferino Leonardo, in return for the release of his FLSA claims. Plaintiff is receiving more than 100% of the total alleged back wages owed to him under the FLSA, even after the

deduction of attorneys' fees. Attached hereto as **Exhibit B** are damage calculations for Plaintiff's alleged unpaid compensation, calculated to be approximately $9,000 in back wages.

Plaintiff's damage calculations assume that all of the facts alleged by Plaintiff are entirely correct. Defendants contest the majority of Plaintiff's allegations and contest that Plaintiff is owed significantly less, if anything. If Defendants were to succeed at trial in establishing that Plaintiff was paid for all his hours worked and was not timeshaved, Plaintiff's damages would be significantly reduced, and he would run the significant risk of obtaining less than the payment he is receiving in the settlement.

*The Settlement Will Enable the Parties to Avoid Anticipated Burdens and Expenses and The Parties Face Serious Litigation Risks*

Plaintiff wishes to avoid the risk in establishing liability and damages. There is an inherent risk in going to trial of being unable to establish any liability. A trial on the merits would involve significant risks to Plaintiff because of the fact-intensive nature of proving liability under the FLSA, and in light of the defenses available to Defendants. Such risk is unnecessary given that Plaintiff is receiving a significant amount of back wages owed. Plaintiff believes the amount of $15,000 is a fair result, obtaining more than 100% of back wages owed, even after the deduction of attorney's fees, while eliminating the risks of trial.

*The Settlement is a Result of Arm's-Length Negotiation and There is no Possibility of Fraud or Collusion*

The proposed settlement is fair and reasonable because Plaintiff and Defendants were represented by competent and experienced counsel during the litigation and settlement process. There was an exchange of relevant information and an open sharing of facts. The parties negotiated vigorously and were able to reach an agreement in which Plaintiff would receive recovery of more than 100% of back wages, plus attorneys' fees, eliminating all liability against Defendants, and eliminating the burdens and costs of trial.

**III. The Attorneys' Fees are Fair and Reasonable**

Pursuant to the Settlement Agreement, of the $15,000 settlement amount, $5,000 is allocated to attorneys' fees and costs. The $5,000 in legal fees equals 1/3 of the settlement amount, which is routinely approved as attorney's fees in such FLSA matters. Attached hereto as **Exhibit C** is information as to actual attorney's fees expended and attached hereto as **Exhibit D** is a copy of the retainer agreement.

Plaintiff's counsel's fees and costs of $5,000 is fair and reasonable given the time spent by Plaintiff's counsel. Such work includes interviewing the Plaintiff, investigating the identity of Defendants, preparing a Complaint, preparing damages calculations, negotiating with Defendants' counsel, preparing for and attending a pre-motion conference, preparing and serving discovery demands to Defendants, analyzing Defendants' discovery responses, preparing and filing a conditional collective certification motion,, correspondence with Defendants' counsel,

correspondence with the Court, preparing and revising the settlement agreement, and preparing this submission.

   In view of the foregoing, we respectfully request that the Court approve the Settlement Agreement attached as **Exhibit A** and dismiss the matter with prejudice. We thank Your Honor for considering this matter.

Respectfully submitted,

  */s/ C.K. Lee*
C.K. Lee, Esq.